### SAM MATHENEY v. THE STATE.

#### No. 4653.   Decided October 31, 1917.

**1.—Local Option—Result of Election—Contest—Practice on Appeal.**

Where the local option election was not contested and the certificate of the county judge to the fact that the order declaring the result of the election had been published as required by law was shown, etc., there was no error in admitting the order of the Commissioners Court in evidence.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained a conviction, there was no reversible error.

Appeal from the District Court of Morris. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The testimony for the State showed substantially that, while the prosecuting witness did not exactly buy the whisky from defendant, he sent another negro to him, who got the whisky from him, and told the prosecuting witness that he got it from the defendant and to pay him for it, which the prosecuting witness did. Said State's witness further testified that he saw the negro who got the whisky for him go to the defendant and get it, whereupon the witness gave defendant the money.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at one year confinement in the penitentiary.

There is one bill of exceptions in the record reserved to the action of the court permitting the prosecution to introduce the order of the

Commissioners· Court declaring the result and entering an order to that effect putting local option into effect. The theory upon which this is presented is, that the Commissioners Court held its session on the ninth day after the election. The court qualifies this bill with the explanation that the election was not contested, and the certificate of the county judge to the fact that the order declaring the result of the election had been published as required by law; and the court further states that this was conclusive that the election was regular in the absence of a contest. It seems that the judge, in this respect, was in accord with the decisions of this court in regard to this matter. These decisions will be found collated in Branch's Ann. Penal Code, p. 692. The evidence, we think, is sufficient to support the conviction under quite a line of decisions announced by this court.

We do not feel justified, under the circumstances, to set aside or interfere with the judgment, and it will be affirmed.

·. Affirmed.